NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1200
_____

BORO CONSTRUCTION, INC. d/b/a BORO DEVELOPERS, INC.

v.

LENAPE REGIONAL HIGH SCHOOL DISTRICT BOARD OF EDUCATION


BORO CONSTRUCTION, INC. d/b/a BORO DEVELOPERS, INC.,
Third Party Plaintiff
v.

DIGERONIMO/MIKULA ASSOCIATES,
Third Party Defendant


Lenape Regional High School District Board of Education,
Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1-05-cv-04689)
District Judge:  Honorable Joel Schneider
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 19, 2011

Before:  FISHER, HARDIMAN and GREENAWAY, Jr., *Circuit Judges*.

(Filed: September 23, 2011 )

_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Lenape Regional High School District Board of Education ("Lenape") appeals the final order of the District Court granting judgment in favor of Boro Construction, Inc. ("Boro"). The Court awarded Boro damages on its claim for breach of contract, denied Lenape's counterclaims for breach of contract, and dismissed Boro's claims for indemnification and contribution against third-party defendant DiGeronimo Mikula Associates, L.L.C. ("DMA") on claims arising from the construction of a 400-meter running track. For the reasons discussed below, we will affirm.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

In March 2001, Boro and Lenape entered into a contract where Boro would be the general contractor for the construction of Seneca High School in Tabernacle Township, New Jersey. Among other things, the contract provided for the construction of a 400-meter running track with a "double bend" or "broken back" configuration. Boro subsequently entered into an oral contract with DMA to certify the track so that it would meet the National Federation of State High School Associations ("NFSH") requirements

2

for major track events. DMA is a consulting and engineering firm that specializes in the design and engineering of sports facilities. However, it did not have a licensed surveyor on its staff while the 400-meter track project was ongoing. The contract between Boro and Lenape required Boro to provide a pre-construction certification of accuracy. Despite Boro's failure to provide a survey, Lenape allowed construction to continue. When the track was completed, DMA certified that the track and its markings were in compliance with all requirements for NFSH for major events. At that time, the track was 400-meters and in compliance with NFSH requirements. However, since DMA was not a licensed land surveyor, Lenape hired Dante Guzzi Engineering Associates, L.L.C. ("Guzzi") to ensure that it had been correctly built. Guzzi incorrectly measured the track and concluded that it was the incorrect length. As a result, Lenape had the track resurfaced and relined. Lenape stopped paying Boro.

In September 2005, Boro filed suit against Lenape in the United States District Court for the District of New Jersey. Boro alleged that Lenape still owed $269,724.20 for its construction work. Lenape answered Boro's complaint with a counterclaim alleging negligence and breach of contract. As a result of extensive mediation, the parties resolved all issues except those related to the 400-meter running track. To resolve those issues, the District Court held a bench trial. Boro claimed that it was still owed $10,916.61 (the remaining balance for the track); Lenape claimed that it should be able to

3

recover $89,587.79 from Boro (the amount that it expended to have Guzzi survey and reline the track).

At trial Lenape alleged: that Boro failed to provide both pre- and post-construction surveys of the track prepared by a licensed surveyor, as the contract required; that as a result it was forced to hire an engineering company, Guzzi, to perform the survey work; that Guzzi measured the track, finding it to be 1 to 1.5 meters longer than 400 meters; and thus that the track had to be resurfaced and the lines repainted. Boro argued that the track, as originally laid out by DMA, was correct, and that it provided Lenape with a certified 400-meter running track in accordance with NFSH requirements. Boro and DMA argued that the resurfacing and relining performed by Guzzi resulted in the track being approximately one meter short of 400 meters, that, even though pre- and post- construction surveys had not been provided, Lenape waived its right to a pre-construction survey, and, alternatively, that it should not have to pay for Guzzi's incorrect post-construction survey.

The District Court determined, among other things, that Boro is not liable for the costs of the survey and associated work performed by Guzzi and that Lenape breached its contract and owes Boro the remaining $10,916.61 from its original contract. Lenape filed a timely notice of appeal.

II.

4

The District Court had jurisdiction under 28 U.S.C. § 1332, and we have jurisdiction pursuant to 28 U.S.C. § 1291. When reviewing a judgment after a bench trial, we review findings of fact for clear error and defer to the District Court's credibility determinations but review conclusions of law de novo. *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 215 F.3d 407, 409 (3d Cir. 2000).

## III.

Lenape makes two principal arguments that the District Court erred.[1] First, it argues that the District Court erred when it determined that Boro was not liable for costs incurred as a result of its failure to provide a post-construction survey by a licensed land surveyor. Second, it argues that the District Court erred by awarding Boro $10,916.61 in accordance with its construction contract with Lenape. Neither argument has merit.

Lenape attacks portions of the holdings that are not relevant to the outcome of the case. The District Court did not deny Lenape recovery on the basis that Lenape had waived its right to a post-construction survey: "the Court finds that the survey was not accurate . . . [and thus that it] will not direct Boro to pay for a survey [and further construction performed as a result of that survey] that it finds was not accurate. *Boro Const., Inc. v. Lenape Reg. High Sch. Dist. Bd. of Educ.*, 2010 WL 5419035, at *7 (D.N.J. Dec. 23, 2010). Lenape's second argument is that the District Court erred by finding that the parties stipulated Lenape would be liable for the $10,916.61 balance if

---

[1] To the extent that there are other arguments, they are based on these two arguments and are also without merit.

5

the track was properly configured by Boro and its subcontractors. As the contested paragraph falls under the heading of "Damages," *id.* at \*5, it may be fairly characterized as finding only that the parties stipulated to the dollar amount, which Lenape does not contest. Moreover, the District Court's opinion did not rely on any stipulation as to liability. Rather, the District Court found that the delivered track "met the Contract specifications and conformed to the contractual requirements," *id.* at \*9, and, on that basis, concluded that Lenape had not met its burden of proving a breach of contract. *Id.* at \*11. Because the District Court found Lenape liable, Lenape's argument is without merit.

IV.

As Lenape has not appealed on any issues relevant to the outcome of the case, we will affirm for substantially the same reasons as set forth by the District Court.

6